UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JOANNE MARIE HOLDER | ) | CASE: A18-50400-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with 11 U.S.C. Section 1325(a)(4).

2.

The plan as proposed will extend to one hundred eighty-seven (187) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2012; December 31, 2013; December 31, 2014; December 31, 2015; December 31, 2016 and December 31, 2017. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

5.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

6.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $767.00 per month in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

7.

The Debtor has failed to serve the Chapter 13 plan on applicable creditors via Bankruptcy Rule 7004 and has failed to file the corresponding Certificate of Manner of Service required by General Order 21-2017.

8.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

9.

The Chapter 13 plan proposes to pay $5,250.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

10.

The proposed plan payment is insufficient to fund creditors and attorney fees pursuant to the set payments in the plan.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 16th day of February, 2018.

                        Respectfully submitted,

                        /s/_____
                        Maria C. Joyner
                        Attorney for the Chapter 13 Trustee
                        State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No:  A18-50400-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
JOANNE MARIE HOLDER
4302 MEADOWS LAKE CT.
POWDER SPRINGS, GA  30127


**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
CLARK & WASHINGTON, P.C.
ecfnotices@cw13.com



This the 16th day of February, 2018.


/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303